**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-03287-RM-SBP

LJUBINKA STANISAVLJEVIC,

    Plaintiff,

v.

THE STANDARD FIRE INSURANCE COMPANY, d/b/a TRAVELERS INSURANCE COMPANY,

    Defendant.

---

### ORDER ON PLAINTIFF'S MOTION TO PARTIALLY STAY DISCOVERY ORDER OF JUNE 4, 2024

---

**Susan Prose, United States Magistrate Judge**

    This matter is before this court on Plaintiff Ljubinka Stanisavljevic's motion (ECF No. 175, the "Motion") to partially stay this court's discovery order entered on June 4, 2024 (ECF No. 167, the "Order") pending the resolution of Plaintiff's objection to the Order. ECF No. 174 (the "Objection"). Plaintiff supplemented the Motion to complete her Local Rule 7.1 conferral statement. ECF No. 179. Plaintiff states that Defendant Standard Fire Insurance Company ("Defendant") does not oppose the Motion so long as Plaintiff does not oppose an upcoming motion to extend the schedule.

    As the Motion recognizes, the Objection does not automatically stay the Order under Local Rule 30.2(b):

> An objection under Fed. R. Civ. P. 72(a) to an order by a magistrate judge concerning discovery does not stay the discovery to which the order is directed. A

> stay of the order shall be obtained by motion filed with the magistrate judge, and if denied, then with the assigned district judge.

D.C.COLO.LCivR 30.2(b). Several years before Local Rule 30.2(b) was adopted, it was nevertheless recognized by this court that "sound policy" dictates against an automatic stay while an objection to a magistrate judge order is pending:

> Otherwise . . . parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial.

*Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 655-56, 657 (D. Colo. 2001) (discussing *National Excess Ins. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991)).

Moreover:

> "A stay is not a matter of right, even if irreparable injury might otherwise result." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). It is instead "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Id.*, at 672–73. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

*Mondragon v. Nosrak LLC*, No. 19-cv-01437-CMA-NRN, 2020 WL 8254285, at *3 (D. Colo. May 27, 2020). In deciding whether to issue a stay, this court considers:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.

*Mondragon*, 2020 WL 8254285, at *3 (citing *inter alia Nken*, 556 U.S. at 434).

More specifically for the present circumstances, "[a] stay of a magistrate judge's discovery order should be granted sparingly. Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt:

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes . . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

*Granato v. City & Cnty. of Denver*, No. 11-cv-00304-MSK-BNB, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011) (quoting *National Excess*, 139 F.R.D. at 404). Thus, "[a] stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling **and** where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay." *Id*. (emphasis original). "[F]or example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." *Id*.

In this case, Plaintiff requests to stay the portion of the Order that requires her to execute releases of her employment records until her objection (ECF No. 174) to the Order is resolved. Plaintiff argues this aspect of the Order is legally erroneous because "it improperly ordered Plaintiff to execute these release authorizations without proper legal authority to do so." Motion at 2 (citing *Morris v. City of Colo. Springs*, No. 09-cv-01506-PAB-MEH, 2009 WL 4927618, at *2 (D. Colo. Dec. 18, 2009); *Bouchard v. Whetstone*, No. 09-cv-01884-REB-BNB, 2010 WL 1435484, at *1-2 (D. Colo. Apr. 9, 2010) (finding no basis under F.R.C.P. 34 to compel a party's signature on an employment records release authorization)).

3

Motion at 2. Plaintiff further argues that if she is required to provide the releases while the Objection is pending, that "would be akin to denying Plaintiff's right to object as once Defendant is permitted to obtain the disputed documents Plaintiff's privilege and privacy (which she is raising via the objection) are no longer intact." *Id*. at 3.

The court now turns to an analysis of the *Nken* factors and finds that none favor a stay here.

I.   *Likelihood of Success on the Objection?*

As for the first factor—a strong showing that Plaintiff is likely to succeed on her objection—this court respectfully concludes that Plaintiff fails to make such a showing. First, in arguing that this court lacked authority to compel her to execute the releases, Plaintiff raises a new argument, i.e., one that she did not raise before this court. *See, e.g.*, ECF No. 174-1 (Plaintiff's discovery statement) at 17-21. "[A]rguments not raised before the magistrate judge need not be considered by th[e] Court." *Christen-Loper v. Bret's Elec., LLC*, 175 F. Supp. 3d 1213, 1216 (D. Colo. 2016) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Before this court, Plaintiff's argument focused exclusively on broader points: that Defendant had issued only an email to counsel, not a formal request for production; that Plaintiff cannot be compelled under Rule 34 to produce documents that do not already exist; that Defendant could not seek these records because it did not do so before this litigation ensued. ECF No. 174-1 at 17-21. *See also* ECF No. 113 (Hrg. Tr.) at 60-61 (Plaintiff arguing lack of relevance and proportionality); *id*. at 62-67 (Plaintiff's argument that the releases are overbroad).

4

None of those arguments sufficed to raise, in the first instance, the issue that Plaintiff now argues, which is the court's authority to compel a party to release her records. Respectfully, this court cannot anticipate every new argument that parties may wish to add after the court rules, and it is inefficient for parties to raise new arguments for the first time on objections. Accordingly, because Plaintiff's Objection relies on an argument that she did not raise before this court, Judge Moore has discretion to not consider Plaintiff's argument. This court does not purport to predict how Judge Moore will exercise that discretion, but the resulting uncertainty undercuts the likelihood that Plaintiff will succeed on her Objection.

In addition, even assuming that Judge Moore will consider the merits of Plaintiff's argument, Plaintiff does not make a strong showing because she misstates the law. Although Plaintiff argues *Morris* and *Bouchard* show there is no authority for requiring a party to execute releases, the law in this District has developed significantly since those cases were issued.

"There is conflicting authority in this District as to whether a party should be ordered to sign a release so that records or papers in the possession of a third party can be obtained by the adverse party." *McClain v. City of Aurora*, No. 20-cv-02389-DDD-NRN, 2021 WL 1750076, at *5-6 (D. Colo. May 4, 2021). Where a plaintiff puts at issue her allegedly confidential information that is in the custody of third-persons, and it would be inefficient or unduly burdensome to require the defendant to first subpoena the records custodians, at least three judges in this District have compelled a plaintiff to provide releases of the records. *See id*. at *5-6 (requiring the plaintiff to release records, discussing *inter alia Locke v. FedEx Freight, Inc.*, Civ. No. 12-cv-00708-REB-MEH, 2014 WL 4393703 (D. Colo. Sept. 4. 2014); *Thomas v. United States*, Civ. No. 19-cv-00877-LTB-SKC, 2019 WL 2410414, at *3 (D. Colo. June 7,

2019)).

Moreover, *Morris* and *Bouchard* analyze only whether *Rule 34* itself provides such authority. *Morris*, 2009 WL 4927618, at *1-3;[1] *Bouchard*, 2010 WL 1435484, at *1 (holding that "*Rule 34* does not expressly authorize a court to order a party to sign a release concerning any kind of record," emphasis added). And neither *Morris* nor *Bouchard* reference *Dochterman v. Resource Realizations*, 56 F. App'x 455 (10th Cir. 2003), in which the Tenth Circuit Court of Appeals affirmed sanctions for a party's failure to either produce their confidential records themselves or provide releases as ordered, without questioning that the trial court had such authority. *Id*. at 457–58 (affirming dismissal as a sanction).[2]

In another opinion issued the same year as *Morris*, Chief United States Magistrate Judge Hegarty also urged a plaintiff to voluntarily release their records, recognizing the efficiency of doing so:

> As for Defendants' request to compel signed releases from the Plaintiff, the Court is not inclined in this instance to depart from prior rulings which prefer the issuance of subpoenas for such records. However, the Court requests that Plaintiff reconsider

---

[1] In addition, as Judge Neureiter has noted, *Morris* itself "recognized a split of authority" and stated that the court would entertain a later motion to compel the party to produce the records at issue, if subpoenas failed. *McClain*, 2021 WL 1750076, at *5 (citing *Morris*, 2009 WL 4927618, at *2).

[2] While an unpublished opinion, this court sees no reason to disagree with the analysis in *Dochterman* and finds it persuasive. The court can rely on an unpublished Tenth Circuit opinion to the extent that its reasoned analysis is persuasive in the case before it. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) ("In this circuit, unpublished orders are not binding precedent and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.") (cleaned up); *see also* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

> her position concerning executing the releases. *This is the most efficient manner in which to address the collection of medical records, and in a case such as the present, limiting costs and increasing efficiency should be paramount in every party's approach to litigation* (particularly if it promotes settlement, which, in the undersigned's opinion, executing such releases would do).

*Hixson v. United States*, Civ. No. 09-cv-00495-MSK-MEH, 2009 WL 1976016, at *2 (D. Colo. July 8, 2009) (emphasis added), *clarified on other issues*, 2009 WL 1258923 (D. Colo. July 30, 2009). Like *Morris* and *Bouchard*, *Hixson* does not discuss whether any rule other than Rule 34 could authorize the court to require a records release.

In 2014, five years after *Hixson*, Chief Judge Hegarty ordered a plaintiff to execute releases of his records, apparently without requiring the defendant to first subpoena the records. *See Locke*, 2014 WL 4393703, at *1 (adopting recommendation to dismiss case for failure to execute releases). The same year, Judge Mix awarded sanctions against a plaintiff for "failure to provide properly notarized releases" or produce copies of his medical and tax records himself, as she had ordered. *Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2014 WL 145324, at *1-2 (D. Colo. Jan. 15, 2014) (citing *Dochterman* and awarding expenses, including attorney fees).

In 2019, Judge Crews required a party to sign a release of records, citing *Hixson* and Federal Rule of Civil Procedure 1's "affirmative obligation to administer the rules of civil procedure 'to secure the just, speedy, and inexpensive determination of every action or proceeding.'" *Thomas*, 2019 WL 2410414, at *3. And as noted above, in 2021, Judge Neureiter found he had authority to require a plaintiff to release records. *McClain*, 2021 WL 1750076, at *6. He required the plaintiff to sign releases for medical, educational, and employment records. *Id*. at *7-10. The only exception was that the defendant would need to show a subpoena was unsuccessful before he would require the plaintiff to sign a release of certain highly sensitive

7

social services records. *Id*. at *8.

As Judge Crews concluded in *Thomas*, this court likewise concludes that, under Rule 1, it must construe, administer, and employ the rules to "secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. In particular, that duty informs the court's application of Rule 26(c)(1), which authorizes the court to protect parties from undue burden or expense for good cause. This includes the express authority to specify terms for discovery (*see* Rule 26(c)(1)(B)), and to require confidential information—assuming Plaintiff's employment records are confidential—to be revealed in a specified way. Fed. R. Civ. P. 26(c)(1)(G). This court concludes that Rule 26(c), particularly when construed as Rule 1 requires, thus authorizes the court to require a party to provide records releases for good cause, to protect the opposing party from undue burden or expense. *Cf. Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, No. 19-cv-02808-WJM-NYW, 2020 WL 12698695, at *5 (D. Colo. Nov. 20, 2020) (where a plaintiff moved to quash a subpoena as seeking information protected "under the Health Insurance Portability and Accountability Act ('HIPAA') . . . [because] she has not executed HIPAA-compliant releases, this court finds that Rule 26(c)(1)(B) contemplates that this court could specify terms to facilitate discovery, including but not limited to the execution of a HIPAA-compliant protective order").

Here, Defendant sought nine releases from Plaintiff so that it can subpoena the records from her employers or clients. Def. Discovery Statement at 2; Order at 17-21. Defendant is not attempting to avoid the need for subpoenas but is only requesting that Plaintiff provide the releases first. The court sees no reason to question Defendant's approach to the situation in this sequence; as previously noted, this case has already been inordinately contentious, with

numerous discovery disputes. Indeed, Plaintiff's present Motion underscores why Defendant could reasonably believe that it should obtain her releases *before* issuing the subpoenas: Plaintiff now asserts that she is objecting to this part of the Order on the basis of privacy and privilege. Motion at 3.

This court finds no legal or practical justification for requiring Defendant first to issue eight subpoenas and only *then* to litigate Plaintiff's objections of alleged privacy or privilege in what would likely be multiple, separate proceedings. The authorizations identify Plaintiff's former employers in Illinois and Texas.[3] If motions objecting to the subpoenas are filed, those courts *may* transfer them to this court, but they are not required to do so. Fed. R. Civ. P. 45(f). The court thus finds good cause to protect Defendant from the undue burden of the likely need to litigate Plaintiff's objections to eight subpoenas in separate proceedings by requiring Plaintiff to execute the requested releases.

In short, Plaintiff has not made a strong showing that she is likely to succeed on her Objection that the court lacks authority to require her to execute the releases.

Nor does Plaintiff show a likelihood of success in objecting to the scope of the requested releases. Plaintiff specifically put her lengthy employment history at issue by asserting in her victim impact statement (which she provided to Defendant prior to this litigation) that she had

---

[3] Specifically, the forms of release that Plaintiff emailed to chambers in support of this discovery dispute reflect that Defendant requests authorizations with respect to CardioMedix in Des Plaines, Illinois; Discovery Health Partners in Itasca, Illinois; three companies in Aurora, Illinois (East Aurora Counseling, IClaim, and Lighthouse Counseling Center); Superior Air-Ground Ambulance Service in Elmhurst, Illinois; Keller Williams Experience in Downers Grove, Illinois; and Emergicon in Dallas, Texas. Defendant also requests a ninth release as to any "past, present, or prospective employer" of Plaintiff without specifying their names.

been able to work full-time for 25 years before the accident, and that the accident had left her unable to work. *See, e.g.*, ECF No. 50-16 (stating, for instance, that "[b]efore 7-31-2020 I worked at my computer from 8 to 12 hours a day with no issues . . . I worked in Health Care Administration for over 25 years. I was an Accounts Receivable Manager, a Billing Manager and Director of Medicare and Medicaid Compliance for a large billing company"). In the same document, Plaintiff told Defendant she was seeking $456,000 in damages for lost income because the accident drastically reduced her ability to work. *Id*. In ruling on the discovery dispute, this court reviewed the requested releases and found them relevant and proportional. Order at 18-22. The record does not reflect any error or manifest injustice that would cause this court to reconsider those findings, unless and until Judge Moore rejects them.

For these reasons, this court respectfully concludes that Plaintiff has not made a strong showing that she is likely to succeed on her Objection. She therefore fails to meet the first factor that is required for obtaining the stay that she requests.

II.     *Irreparable Harm in the Absence of the Requested Stay?*

As to the second *Nken* factor—irreparable harm in the absence of a stay—Plaintiff argues that she is objecting to this portion of the Order based on an alleged privacy interest or privilege. Motion at 3. But neither the Motion nor the Objection cites any legal support for the assertion that Plaintiff has a privacy interest or privilege in her employment records. Indeed, the Objection does not appear to even mention privacy and makes no attempt to explain what privilege could apply to information in those records. *See* Objection at 2 (arguing the requested releases would provide "no accountability or method for accounting for (very likely) still privileged materials in whatever those files would show."). This court discerns no basis for finding any privacy or

10

privilege interests in records of her employment history that she has affirmatively put at issue in this case. Even if Plaintiff had supported her invocations of privacy interest and privilege with legal authority, that is also a newly-raised argument. In her discovery statement and during the hearing, Plaintiff did not claim a privacy interest or a privilege in her employment records. *See* ECF No. 174-1; ECF No. 113 (Hrg. Tr.), *passim*.[4]

Plaintiff argues, however, that if she is required to sign the releases, then Defendant can issue the subpoenas and obtain the documents before Plaintiff's alleged privacy or privilege objection is resolved. Whether in actuality Plaintiff would not still serve objections to the subpoenas, based on her pending Objection, is an open question. But either way, it would be at best inefficient for the parties and this court (or the courts where the subpoenas would be served) to litigate Plaintiff's privacy or privilege objection separately as to each subpoena.

The court finds that Plaintiff's newly-raised privacy or privilege objection is unsupported. The second factor thus weighs against a stay here.

III.     *Injury to Other Parties, and the Public Interest?*

As to the third factor, whether the partial stay will substantially injure other parties interested in the proceeding: Defendant's non-opposition to the Motion strongly suggests that Defendant believes it will not be substantially injured, so long as the court approves an as-yet not requested extension of the schedule. This court will not prejudge that question, as it does not yet know how much time Defendant believes will be necessary. Certainly, this court cannot predict when Judge Moore will rule on Plaintiff's objection, or how much time Defendant will need

---

[4] In the hearing, Plaintiff argued that she has a privacy interest only in her medical and mental health records. ECF No. 113 at 49, 96.

thereafter to issue the subpoenas. The third factor is thus neutral.

Finally, the fourth factor—the public interest—is likewise neutral. The public has an interest in cases proceeding speedily, but only consistent with justice and without undue expense. *See, e.g.*, Fed. R. Civ. P. 1.

*   *   *

Taking all of the *Nken* factors together, Plaintiff has failed to meet her burden to show that this court should exercise its discretion to grant the stay she seeks. However, that conclusion does not necessarily end this court's inquiry.

IV.     The Court's Authority to Manage its Docket

This court's finding that Plaintiff has failed to show a likelihood of success on her objection—and her reliance on an unsupported, argument of privacy or privilege to support irreparable harm that she did not first present to this court—would ordinarily doom her Motion for a stay. But there is another facet of the dispute to evaluate: this court's "inherent authority to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Here, notwithstanding the deficiencies in Plaintiff's argument for a stay, the court bears in mind additional considerations.

First, Defendant does not oppose the Motion. The court wishes to honor (and to encourage) collaborative communications between the parties. Further, the court takes into account that it is the *plaintiff* who seeks the partial stay. The risk of Plaintiff delaying her own day in court as a result of any stay thus rests with her and affects her more significantly than Defendant or this court. The court further notes that this case's filing date of December 21, 2022, does not make it exceptionally old. To be sure, the court inevitably must feel some hesitation

about delaying the case when it concludes that Plaintiff has not satisfied her burden under the *Nken* factors. Nevertheless, in these unusual circumstances, the court GRANTS Plaintiff's Motion for a Partial Stay of the June 4, 2024 discovery order (ECF No. 167). Plaintiff's obligation to execute the releases for her employment records is STAYED until her Objection (ECF No. 174) is resolved.[5]

However, this order does not preclude Defendant from subpoenaing Plaintiff's employment records in the meanwhile, if it wishes, giving notice and copies of the subpoenas to Plaintiff's counsel before service to the third parties (Fed. R. Civ. P. 45(a)(4)), and litigating Plaintiff's assertion of privacy or privilege if she properly raises it under Rule 45.

DATED: June 27, 2024                                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").